(No. 3294— 

Mellissa Lacefield, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 11, 1938.*

Claimant, pro se.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant filed her claim Pro Se on July 5, 1938 as the mother of Herbert M. Lacefield, and thereby seeks payment of a soldier's bonus to which the latter was entitled as a soldier from the State of Illinois in the World War. The At-

torney General has filed a motion to dismiss the claim, contending that the court has no jurisdiction for the reason that the complaint shows upon its face that more than five years have elapsed between the time claimant's right first accrued and the date of filing such complaint. A report filed herein by the Adjutant General of Illinois discloses that Herbert M. Lacefield applied for an Illinois soldier's bonus on February 19, 1923; that the application was approved and Warrant No. 355,800 was issued to him in the sum of One Hundred Thirty-five ($135.00) Dollars. Between the time the application was filed and the time the Warrant was issued, i. e. on June 9, 1923, Herbert M. Lacefield died, leaving a widow but no children. His widow remarried in September, 1923. Payment on the Warrant was stopped and same was returned to the State Treasurer and was cancelled. Claimant herein as the mother of the deceased soldier, represents herself as the beneficiary entitled to receive the bonus that is payable by virtue of her son's military service.

Section 2, House Bill No. 127 (the original bonus Act, approved May 3, 1921) states the beneficiaries of such act to be "the husband or wife (if not remarried), child or children, mother, father, brother or sister in the order named."

The Adjutant General's report states that the mother appears to be the proper beneficiary.

In 1927 the legislature passed another Act entitled, "An Act Terminating the Service Recognition Board and Making Provision for Certain Claims for Compensation." Section 3 of the 1927 Act is as follows:

"In all cases where claims for compensation have been heretofore or are hereafter allowed by the service recognition board but payment of compensation has not been made either because the claimant or his heirs have not been found, or any other reason, it is the duty of the Adjutant General, as soon as satisfactory proof is furnished to him, locating or identifying the claimant or his heirs or as soon as the disability preventing payment is removed, to certify such fact to the State Treasurer, who shall make payment from the soldier's compensation fund, in the sum allowed by the service recognition board to the person entitled thereto."

The 1927 Act of the Legislature seems broad enough to avoid the limitation of one year fixed by the 1925 statute which required applications to be made within one year from the date that such Act became effective, which was July 1, 1925.

Cases similar to the present one have previously been considered by the court. (*Orilla Lorraine Thomas* vs. *State,* 8 C. C. R. 211. *Catherine Knarr* vs. *State,* 8 C. C. R. 565.) This case like the others thus considered is a meritorious one, and unless barred by the statute of limitation, should be paid. We have heretofore construed the wording of the 1927 Act to mean that the statute of limitations would not begin to run until "satisfactory proof of heirship or dependency" is, furnished to the Adjutant General. The 1927 Bonus Act was passed later than the Court of Claims Act, and if there is any conflict in regard to the right of claimant in point of time to file her claim, the later Act should prevail. Such Act carried an appropriation for the payment of claims arising by virtue thereof. Such appropriation, made in the 1927 Act lapsed in 1929. House Bill No. 474, approved June 14, 1929, appropriated the balance of this fund ($101,804.00) to the Department of Public Welfare for the relief of indigent women and children of deceased World War veterans. The Adjutant General's office has certified that satisfactory proof has been furnished to him identifying claimant as the one to whom compensation is payable, but there is no existing appropriation out of which such bonus payment can be made. We find that claimant is properly entitled to receive such compensation as was contemplated in the passage of the Act by the legislature, and an award is therefore hereby allowed in favor of claimant in the sum of One Hundred Thirty-five ($135.00) Dollars.